**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JOHN DOE NO. 93** | * |
| Plaintiff, | * Case No. 15-cv-00244-CCB |
| v. | * |
| **ROMAN CATHOLIC DIOCESE OF BROOKLYN,** | * |
| | * |
| Defendant. | |
| | * |

**JOHN DOE NO. 93'S REPLY IN SUPPORT OF HIS**
**MOTION FOR ORDER COMPELLING PRODUCTION**

Movant John Doe No. 93, by and through undersigned counsel, submits this Reply in Support of His Motion for Order Compelling Production of records from Non-Party Saint Luke Institute, Inc. ("St. Luke")[1] and states as follows:

**ARGUMENT**

St. Luke appears to advance three arguments in opposition to the Motion at issue: (1) Mr. Authenrieth's right to privacy supersedes Movant's right to obtain the records at issue; (2) no waiver occurred in the Florida action; and (3) under the Health Insurance Portability and Accountability Act and its implementing Federal and State regulations, only limited mental records can be released after *in camera* review. For the reasons that follow, the records at issue should be produced to the Court for *in camera* review.

---

[1] While Movant had previously informed the Court that discovery in the Brooklyn matter was set to close in March, that deadline has been extended to May 1, 2015. Nonetheless, Movant respectfully requests that the Court set a date for a hearing as soon as possible or, if no such hearing is necessary, decides the Motion at its earliest convenience, particularly as, upon the filing of this Reply, briefing in this matter will conclude and, after March 2, 2015, the time will have passed for Mr. Authenrieth to have filed an opposition. Doing so will ensure that, if the Court sides with Movant, a timely review of the records at issue will take place.

**1)      An Individual's Right to Privacy in His Mental Health Records Is Not Absolute and May be Obtained by a Civil Litigant Upon a Proper Showing and After *In Camera* Review.**

To preclude production, St. Luke relies on a series of cases in which a State actor seeks to compel medical records and policy concerns stressing the importance of keeping medical records confidential. (Opposition, pp. 2-5). It then concludes that a private party litigant seeking money damages cannot ever meet the constitutional "compelling state interest" standard and thus the request at issue should be denied. (Opposition, p. 5).

As an initial matter, the cases on which it relies have no bearing here because Movant is not a State actor and St. Luke cites no authority, and Movant is unaware of any, to suggest that constitutional State actor standards would be imposed on a private litigant like Movant. In any event, in the *Doe* case, the documents at issue were produced and that order was upheld on appeal while in the *Warner* case, the appellate court upheld dismissal of a patient's case against a doctor for disclosing medical records. Finally, to the extent St. Luke cites these cases for reliance on the Maryland Confidentiality Act, that Act expressly allows for disclosure of medical records. *See, e.g.*, MD. CODE ANN. HEALTH-GEN. § 4-302(a)(2).

To the contrary, *Reynolds v. State*, 98 Md. App. 348 (1993), cited by Movant in his Motion, appears to control here. Despite *Reynolds* being a criminal case, it was not the government seeking the medical records in question there but the defendant who sought to use them for impeachment. Thus, the case did not balance the government or State interest, but instead, the Court applied the procedure Maryland had used to resolves claims of executive privilege. *Id.* at 365-368. That procedure includes a preliminary showing by the party requesting disclosure "where a weighing approach is appropriate, that there is some necessity for production." *Id*. at 365-366.

If that is met, the Court then conducts an *in camera* inspection which is described in detail in the opinion, as are the procedures for the trial court to follow for a party's utilization of those records at trial. *Id.* at 365-371; *see also Blades v. Woods*, 107 Md. App. 178 (1995) (similar procedure applied to confidential records of internal police investigations sought by officer claiming race discrimination requiring "reasonable probity" that records will assist the case of the one seeking the information); *Maryland Dept. of State Police v. Maryland Conference of NAACP Branches*, 190 Md. App. 359 (2010) (same procedure required for internal affairs files requested pursuant to Maryland Public Information Act).

In sum, Movant has made a sufficient showing of "some necessity for production" and/or "reasonable probability" that the records will assist the Movant's case. *See generally* Motion [1]; *see also* Exhibits A and E (thereto). Thus, the records in question should be produced to the Court for *in camera* inspection.

### 2) The Applicability of the Florida Order.

The Movant provided the Court with the opinion of the Circuit Court of the Ninth Judicial Circuit (Florida) as an example of a Court applying the child abuse exemption to patient-psychotherapist privilege because Maryland has a similar exemption. Further, the opinion shows a waiver by Authenrieth for similar records from the House of Affirmation, the institution that the Movant understands St. Luke sent Authenrieth to for treatment after it conducted its evaluation of him. In the Orlando matter, the Diocese of Orlando acknowledged through the discovery process that they were sent copies of the reports from the House of Affirmation constituting a waiver. In this matter, it will be for this Court to determine during its *in camera* inspection whether a similar or other waiver is evident from the records.

### 3) The Movant's Compliance with HIPAA and Maryland Code.

St. Luke's only claim that the Movant did not comply with HIPAA or the Maryland Code is that the Movant has not set forth the purposes for which the disclosure is sought.[2] (Opposition, p. 12).  St. Luke then appears to have no difficulty surmising the purposes from the Movant's Memorandum.  (Opposition, p. 13).  The Movant does take exception to St. Luke's qualification that "the information to be released, if there were any, would have to be limited to anything prior to 1978" as, without knowing what the records contain, the Movant cannot know whether matters after that date would show knowledge on behalf of the Diocese of Brooklyn prior to it transferring Authenrieth to Orlando and/or prior to his ex-cardination from the Diocese of Brooklyn in February of 1977.

Further, as to St. Luke's concerns regarding the disclosure of the names of other victims, the Movant obviously desires such to determine whether they ever put the Diocese of Brooklyn on notice, and the Movant is confident that this Court (or the presiding Court in Brooklyn) would fashion a procedure to minimize any harm to those victims.[3]  Finally, as to St. Luke's claim that "prolific pedophilic activity would only be relevant if there were some indication in the records that the information were known to the diocese," the Movant submits that it is precisely ***the prolific nature*** of the pedophilic activity that could be used by the Movant to satisfy the "should have known" element of Movant's claims in the Brooklyn action.

---

[2] As to any notice requirements under either HIPAA or Maryland Code, the Federal Express delivery records indicate that a copy of the Motion and Memorandum was delivered to Authenrieth's residence on February 13, 2015, with a courtesy copy sent via email to his attorney-in-fact, David McNair, Esq., on February 9, 2015.

[3] For the Court's edification, the practice of the Movant's Florida counsel's firm, Herman Law, consists exclusively of representing victims of sexual abuse, a vast majority of which were abused as children and neither the Movant nor counsel have any intent to cause any undue duress to any other victims of Authenrieth.

Based on the foregoing and the arguments and evidence set forth in this Motion, Movant asks the Court for an order compelling the production of the records of Authenrieth at St. Luke and that the Court conduct an *in camera* review of such records to determine if any should be produced.

**WHEREFORE**, Movant respectfully requests this Honorable Court issue an Order Compelling Saint Luke Institute, Inc. to produce the items requested in its Memorandum of Law in Support of His Motion for Order Compelling Production.

Dated: February 25, 2015

Respectfully Submitted,

/s/
William N. Sinclair (Bar No. 28883)
Silverman Thompson Slutkin & White, LLC
201 N. Charles St., Suite 2600
Baltimore, MD 21201
(410) 385-9116 (t)
(410) 547-2432 (f)
bsinclair@mdattorney.com

Lee Gill Cohen (*Pro Hac Vice* Pending)
HERMAN LAW
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
(305) 931-2200 (t)
(305) 931-0877 (f)
lcohen@hermanlaw.com

*Attorneys for Movant John Doe No. 93*